IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ISHMAIL DAWUD CAMP | | |
| Plaintiff | * | |
| v. | * | Civil Action No. AW-12-1488 |
| DIANE SWANSON, | * | |
| U.S. BANK NATIONAL ASSOCIATION, | | |
| JOSEPH V. BOUNASSISSI, | * | |
| BUONASSISSI, HENNING & LASH, | | |
| RICHARD E. HENNING, JR., | * | |
| RICHARD A. LASH, | | |
| KEITH M. YACKO, | * | |
| BRIAN S. MCNAIR, | | |
| JAMES J. INABINETT, JR., | * | |
| DAVID A. ROSEN, | | |
| BURKET, | * | |
| CHARLES COUNTY SHERIFF'S DEPT. | | |
| And ALL KNOWN ASSOCIATES | * | |
| Defendants | | |

***

# MEMORANDUM

The above-captioned case was filed on May 17, 2012, together with a Motion to Proceed in Forma Pauperis. Because he appears to be indigent, Plaintiff's motion will be granted.

The Complaint concerns Plaintiff's allegations that his home is being foreclosed upon pursuant to documents which were fraudulently presented to the Circuit Court for Charles County, Maryland. Plaintiff further claims that U.S. Bank National Association is no longer the owner of the promissory note, falsified facts, and knowingly and intentionally misled the court as well as Plaintiff. ECF No. 1. Plaintiff further alleges various schemes to obtain "toxic assets" purchased by "Maiden Lane – II LLC." *Id*. at p. 4. There is no discernible federal cause of action stated by the Complaint.

If Plaintiff is seeking to invoke the diversity jurisdiction of this court, that attempt fails. There is an active foreclosure case involving Plaintiff and his property, as well as some of the

named Defendants in this case, pending in the Circuit Court for Charles County, Maryland. *See Joseph V. Buonassissi, et al v. Ishmael D. Camp, et al.*, Case No. 08C09000369 (Cir. Ct. Charles Co.).[1] To the extent any of the information contained in the instant complaint is a viable defense to an ongoing foreclosure proceeding, Plaintiff must present it to the court adjudicating that matter. This court will not entertain a matter that is pending before a state court. *See Granberry v. Greer*, 481 U.S. 129 (1987); *Prieser v. Rodriquez*, 411 U.S. 475 (1973).

To the extent the state case has been finally litigated and Plaintiff is attempting to begin litigating the matter again in this court, he is barred from doing so by the *Rooker-Feldman*[2] [abstention] doctrine. Under that doctrine, "a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.'" *American Reliable Insurance v. Stillwell*, 336 F. 3d 311, 316 (4th Cir. 2003) quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). The *Rooker-Feldman* doctrine is jurisdictional and, as such, this Court is free to raise it *sua sponte*. *See Jordahl v. Democratic Party of Va.,* 122 F.3d 192, 197 n. 5 (4th Cir. 1997). "[T]he *Rooker-Feldman* doctrine . . . by elevating substance over form, preserves the independence of state courts as well as congressional intent that an appeal from a state court decision must proceed through that state's system of appellate review rather than inferior federal courts." *Stillwell*, 336 F. 3d at 391.

By separate Order which follow, the Complaint shall be dismissed.


May 22, 2012                                                                   /s/
                                                                    Alexander Williams, Jr.
                                                                    United States District Judge

---

[1] http://casesearch.courts.state.md.us/inquiry/inquiry-index.jsp

[2] *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482,(1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).